IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ANGEL HERNANDEZ, § | |
| § | |
| Petitioner, § | |
| § | |
| V. § | |
| § | No. 3:14-cv-1870-B-BN |
| UNITED STATES OF AMERICA, § | |
| § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Angel Hernandez has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. For the reasons stated herein, Petitioner's motion should be transferred to the United States Court of Appeals for the Fifth Circuit for appropriate action.

**Background**

Petitioner pleaded guilty and was convicted of conspiracy to possess with intent to distribute and distribution of more than 500 grams of methamphetamine in violation of 21 U.S.C. § 846 and sentenced to a term of 262 months imprisonment, followed by a five-year term of supervised release. *See United States v. Hernandez*, No. 3:08-cr-268-B (N.D. Tex. Mar. 2, 2010). His appeal challenged only the order of forfeiture, and the forfeiture was affirmed. *See United States v. Hernandez,* 417 F. App'x 416 (5th Cir. 2011). He then filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 motion that was denied. *See Hernandez v. United States*, No. 3:12-cv-1716-B (N.D. Tex. Oct. 1, 2013), *appeal denied*, No. 13-11123 (5th Cir. Apr. 20, 2014).

Petitioner has filed another Section 2255 motion challenging the same conviction and sentence [Dkt. No. 2], a motion to withdraw his guilty plea based on ineffective assistance of counsel [Dkt. No. 3], a motion for an evidentiary hearing [Dkt. No. 4], and motion to appoint counsel [Dkt. No. 5].

Petitioner's motion to withdraw his guilty plea [Dkt. No. 3] seeks relief based on errors alleged to have occurred at trial and sentencing. Therefore, it should be construed as a Section 2255 motion. *See Tolliver v. Dobre*, 211 F.3d 876, 877-78 (5th Cir. 2000) (considering motion brought under 28 U.S.C. § 2241); *see also Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005) (considering Federal Rule of Civil Procedure 60(b) motion seeking relief from denial of Section 2255 motion).

## Legal Standards

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which an individual may file a second or successive motion for post-conviction relief. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub. L. 104-132, 110 Stat. 1214 (1996). In order to file a second or successive Section 2255 motion, a movant must show that the motion is based on:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found [him] guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). That determination must be made by a three-judge panel of the Court of Appeals before Petitioner files his motion in district court. *See id.* §§ 2244(b)(3), 2255(h).

## Analysis

The Court of Appeals has not issued an order authorizing this Court to consider Petitioner's successive Section 2255 motion. Petitioner must obtain such an order before another motion for post-conviction relief may be filed. This Court is therefore without jurisdiction to consider Petitioner's allegations. *See* 28 U.S.C. § 2244(b); *see also Flores v. United States*, No. 3:13-cv-3438-N-BH, 2013 WL 5637563 (N.D. Tex. Oct. 15, 2013). Accordingly, Petitioner's Section 2255 motion should be transferred to the United States Court of Appeals for the Fifth Circuit. *See Henderson v. Haro,* 282 F.3d 862, 864 (5th Cir. 2002); *see also In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997) (adopting procedure to be used when a district court transfers to the Court of Appeals a successive 28 U.S.C. § 2254 motion from a state prisoner).

## Recommendation

Petitioner's 28 U.S.C. § 2255 motion to correct, vacate, or set aside sentence and Petitioner's motion to withdraw his guilty plea, which should be construed as a Section 2255 motion, should be transferred to the United States Court of Appeals for the Fifth Circuit for appropriate action. Petitioner's motions for an evidentiary hearing and to appoint counsel should be dismissed for lack of jurisdiction, because the Fifth Circuit has not authorized a successive Section 2255 motion.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or

recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: August 26, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE